# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KRISTIN MAYER, as conservator for Dexxon Butler,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MADISON ADOPTION ASSOCIATES, LTD.,<br><br>　　　　　　　　　　Defendant. | **CV-21-38-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

The Court held a hearing on several motions in this matter on March 9, 2023 (Doc. 135), including Mayer's Motion for Partial Summary Judgment (Doc. 87); Mayer's Motion for a Jury View (Doc. 105); and both Mayer and MAA's Motions in Limine. (Doc. 91); (Doc. 107.) The Court's previous Order disposed of Mayer's summary judgment motion. (Doc. 136.) The Court now turns to the remaining pretrial motions.

## DISCUSSION

### I. The parties' Motions in Limine

The parties have filed several motions in limine asking the Court for preliminary rulings on the scope of certain testimony, the limitations of certain

1

expert opinions, the exclusion of certain witnesses, the exclusion of certain evidence, and the limitations of certain arguments to the jury. (Doc. 91); (Doc. 107).

Motions in limine allow parties to obtain a preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts possess inherent authority to manage the course of trials, and decisions to admit or exclude evidence fall within the sound discretion of the trial court. *See, e.g.*, *United States v. Blitz*, 151 F.3d 1002, 1007 (9th Cir. 1998). Additionally, "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

The Court engaged in an extended discussion with the parties regarding their motions in limine during the March 9, 2023 hearing. (Doc.135.)

**Mayer's Motions in Limine (Doc. 91)**

The Court GRANTS, IN PART, and DENIES WITHOUT PREJUDICE, IN PART, Plaintiffs' Motions in Limine for the reasons stated in open court. (Doc. 91); (Doc. 135.) The Court DENIES WITHOUT PREJUDICE Mayer's Motion in Limine Number One. The Court will permit MAA to offer evidence, subject to the limitations stated during the March, 9, 2023, hearing, regarding the parties Mayer has released from this litigation. The Court will permit MAA to offer evidence regarding its affirmative defense that non-parties' negligence constituted an

intervening and superseding cause of Dexxon's injuries. The Court will allow this evidence subject to the limitations provided by Montana law. *See, e.g.*, *Faulconbridge v. State*, 142 P.3d 777, 792 (Mont. 2006). MAA has stipulated that it does not intend to introduce evidence regarding Yellowstone Boys and Girls Ranch's negligence or fault. (Doc. 100 at 4); (Doc. 135.) Mayer may renew her Motion at trial, and the Court directs Mayer to raise other, specific objections at trial. The Court will consider them as they arise.

The Court GRANTS Mayer's Motion in Limine Number Two. The Court will not permit expert testimony regarding MAA's good character. MAA has stipulated that it will not seek to elicit testimony from its liability expert, Ryan Hanlon, that MAA "has a good reputation among professional peers and the wider adoption community." MAA has further stipulated to requesting a sidebar before examining witnesses regarding MAA's character as an adoption agency.

The Court DENIES WITHOUT PREJUDICE Mayer's Motion in Limine Number Three. The Court will permit MAA to offer evidence regarding what the relevant regulations and standards require of an adoption agency. The Court may limit MAA's evidence, however, should it contradict the basic existence of MAA's duty. Mayer may renew her Motion at trial. The Court directs Mayer to raise other, specific objections at trial. The Court will consider them as they arise.

**MAA's Motions in Limine (Doc. 107)**

The Court GRANTS, IN PART, and DENIES WITHOUT PREJUDICE, IN PART, MAA's Motions in Limine for the reasons stated in open court. (Doc. 107.)

*MAA's Motion in Limine Number One*

The Court will not permit Mayer to call Dexxon as a witness unless Mayer makes Dexxon available for a deposition.

The Court will defer its ruling regarding MAA's request to exclude all of Dexxon's out-of-court statements. The Court discussed several of its concerns regarding admission of the entirety of Dexxon's statements during the March, 9, 2023, hearing. The Court, without evaluating the specific statements to which MAA objects, inclines toward allowing admission of some of Dexxon's statements subject to the limitations of the Federal Rules of Evidence. The Court will evaluate each statement Dexxon made to a provider to determine whether it was made for medical diagnosis and treatment, for example, and Mayer yet has not convinced the Court that Dexxon's statements to Mayer herself would meet the requirements of any hearsay exceptions. The Court directs MAA to raise specific objections at trial. The Court will consider them as they arise.

The Court will defer its ruling regarding MAA's request to exclude all evidence regarding the abuse Dexxon allegedly suffered at Ranch for Kids. The Court discussed several of its concerns regarding admission of evidence regarding Ranch for Kids during the March, 9, 2023, hearing, including hearsay concerns

should the agents who conducted the Montana DPHHS investigation of Ranch for Kids testify, and admission of the entire the DPHHS hearing decision, among others. Mayer has indicated that she remains able to subpoena as witnesses each person who participated in the DPHHS investigation and license revocation hearing. The Court, without evaluating the specific statements or portions of the DPHHS report to which MAA objects, inclines toward allowing admission of some limited evidence regarding the conditions at Ranch for Kids, and the abuse and neglect Dexxon allegedly suffered, during his time at the facility. The Court only will admit any such evidence subject to the limitations of the Federal Rules of Evidence. The Court cautions Mayer that it favors the testimony of live witnesses, who will be subject to cross examination, over hearsay or public records that may qualify for an exception under the Rules of Evidence. The Court offers this caution given its understanding that Mayer remains able to subpoena as witnesses each person who participated in the DPHHS investigation and license revocation hearing. The Court directs MAA to raise specific objections at trial. The Court will consider them as they arise.

*MAA's Motion in Limine Number Two*

The Court will reserve its ruling on evidence regarding MAA's alleged failure to visit Dexxon at Ranch for Kids, the nature of MAA's reporting to China, and MAA's alleged failure to file an abandonment report following Dexxon's placement at Ranch for Kids. The Court will refrain from admitting or excluding this evidence

until it better understands the specific evidence Mayer seeks to introduce and its intended purpose. The Court directs MAA to raise specific objections at trial. The Court will consider them as they arise.

The Court will exclude evidence that MAA staff described Dexxon as "sexually acting out." Mayer has not explained the relevance of this information. The Court, without more, deems it both irrelevant and unfairly prejudicial.

*MAA's Motion in Limine Number Three*

The Court will reserve its ruling on evidence regarding the MAA Rule 30(b)(6) deponent's description of the lawsuit at "baloney." The Court remains concerned, however, that this evidence could confuse the issues before the jury and carries a risk of unfair prejudice. The Court will require Mayer to clarify the relevance of this evidence prior to allowing the jury to consider it.

**II.    Mayer's Motion for a Jury View (Doc. 105)**

Mayer asks the Court to conduct a jury view during trial to allow the jury to observe Dexxon's current living conditions at his Center for Mental Health group home. Mayer contends that Dexxon's current living situation represents an essential element of her case-in-chief. (Doc. 106 at 2.) Mayer argues that a visit to the group home itself represents the best evidence of Dexxon's conditions.

"It is well established that the granting or denial of a motion for jury view of premises rests in the discretion of the trial judge." *Sandoval v. Cnty. of Los Angeles*,

No. 2013 WL 12080960 (C.D. Cal. Sept. 6, 2013), *aff'd,* 622 F. App'x 705 (9th Cir. 2015) (quoting *Hughes v. United States*, 377 F.2d 515, 516 (9th Cir. 1967)). The grant of Mayer's jury view request represents a judgment call for the Court, however, the Court cannot determine the utility of a jury view without an additional proffer from Mayer. The Court will reserve its ruling on Mayer's Motion until the Final Pretrial Conference on April 11, 2023.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

- Mayer's Motions in Limine (Doc. 91) is **GRANTED, IN PART,** and **DENIED WITHOUT PREJUDICE, IN PART.**

- MAA's Motions in Limine (Doc. 107.) is **GRANTED, IN PART,** and **DENIED WITHOUT PREJUDICE, IN PART.**

DATED this 23rd day of March, 2023.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court